| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Tyson M. Takeuchi (SBN 177419)<br>THE LAW OFFICES OF TYSON M. TAKEUCHI<br>1100 Wilshire Blvd., Suite 2606<br>Los Angeles, CA 90017<br><br><br>Attorney for Norma Isabel Flores | |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br>NORMA ISABEL FLORES,<br><br>                                                      Debtor(s). | |
| NORMA ISABEL FLORES,,<br><br>                                                      Plaintiff(s), | CHAPTER: 13<br><br>CASE NO.: 2:09-bk-46472-VZ |
| vs.<br>WACHOVIA BANK, NATIONAL ASSOCIATION, | ADVERSARY NO.: 2:10-ap-01272-VZ |
| <br>                                                      Defendant(s). | DATE: June 8, 2010<br>TIME: 11:00 A.M.<br>CTRM: 1368, 13th Floor<br>U.S. Bankruptcy Court, 255 East Temple St., Los Angeles, CA 90012 |

## MOTION FOR DEFAULT JUDGMENT
## UNDER LOCAL BANKRUPTCY RULE 7055-1

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant(s) against whom default judgment is sought *(Name)*:
   Wachovia Bank, National Association

2. Plaintiff filed the Complaint in the above-captioned proceeding on *(specify date)*: 3/4/10

3. The Summons and Complaint were served on Defendant by   ☐ Personal Service   ☒ Mail Service
   on the following date *(specify date)*: 3/8/10

4. A conformed copy of the completed Return of Summons form is attached hereto.

5. The time for filing an Answer or other response expired on *(specify date)*: 4/5/10

6. No Answer or other response has been filed or served by Defendant.

7. The default of Defendant:
   a.  ☒ Has not yet been entered, but is hereby requested
   b.  ☐ Was entered on *(specify date)*:

8. **A Status Conference:**
   a.  ☐ Is scheduled for *(specify date, time, and place)*:
   b.  ☒ Was held on *(specify date, time, and place)*: 5/6/2010 at Ctrm 1368, 255 E Temple St, Los Angeles, CA 90012

*(Continued on next page)*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 7055-1.2**

Motion for Default Judgment under Local Bankruptcy Rule 7055-1 - *Page 2*                                    **F 7055-1.2**

| In re | CHAPTER: 13 |
|---|---|
| NORMA ISABEL FLORES, | |
| Debtor(s). | CASE NO.: 2:09-bk-46472-VZ |

9. As proof that Plaintiff is entitled to the relief requested in the Complaint, Plaintiff:

   a. ☒ Relies on the Complaint and documents attached thereto.

   b. ☒ Attaches the following documents to establish a prima facie case:

      (1) ☒ Declaration of *(specify):* Tyson M. Takeuchi, attorney for debtor

      (2) ☒ Declaration of *(specify):* Norma Isabel Flores, debtor

      (3) ☒ Other *(specify):* Broker's Price Opinion, Proofs of Claim of 1st and 2nd Trust Deed Holders, Complaint, Summons
                  Service Executed, Docket showing no Answer from Defendant

10. As further support for entry of a Default Judgment, Plaintiff submits a Memorandum of Points and Authorities *(Optional).*

11. **DECLARATION OF NON-MILITARY STATUS:** No defendant named in Paragraph 1 above is in the military service so
as to be entitled to the benefits of the Servicemembers Civil Relief Act (Pub. L. 108-189) (50 U.S. Code App. §§ 501-594).
The undersigned declares under penalty of perjury that this statement of defendant's non-military status is true and correct
and is made under penalty of perjury under the laws of the United States of America based upon the undersigned's review
of said Defendant's Statement of Affairs and Statement of Income and Expenditures filed in this case and is based upon
the undersigned's lack of any information or belief that there has been any change of circumstances as to defendant's
non-military status.

12. Defaulting party is not an infant or incompetent party.

WHEREFORE, Plaintiff prays that this Court enter a Default Judgment in favor of Plaintiff. A Copy of the proposed Default
Judgment is submitted herewith and has been served.

Dated: 5/6/10                                                  Respectfully submitted,

                                                   LAW OFFICES OF TYSON M. TAKEUCHI

                                                   *Firm Name*

                                                   By: _____

                                                 Name: Tyson M. Takeuchi

                                                   *Attorney for Plaintiff or Plaintiff*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

I.

3

**INTRODUCTION**

4  Plaintiff Norma Florez ("Debtor" or "Plaintiff") hereby seeks the
5  entry of default judgment against Defendant on the Debtors' Complaint
6  for Declaratory Relief and to Remove Lien of Defendant. The entry of
7  default judgment against Defendant is appropriate under Rule 55(b)(2)
8  of the Federal Rules of Civil Procedure because: (1) Defendant failed
9  to respond to the Debtor's complaint in this adversary proceeding; and
10 (2) all of the elements of the Debtor's claims for determining value
11 of real property and extinguishing lien of Wachovia Bank, National
12 Association are present in this case.

13

II.

14

**STATEMENT OF FACTS**

15 A.   BANKRUPTCY BACKGROUND

16  Debtor filed this Chapter 13 case on December 23, 2009. Debtor
17 owns and resides the property located at 1662 North Marine Avenue (the
18 "Subject Property"). According to a broker's price opinion (the "BPO")
19 prepared on January 7, 2010, the subject property had a value of
20 $325,000.00. As of the date of filing, the subject property was
21 subject to a first deed of trust in favor of lender BAC Home Loans.
22 The balance owed on this first deed of trust at the time debtors'
23 bankruptcy case was filed was $440,534.00.

24  The subject property was subject to a second deed of trust in
25 favor of Wachovia Bank, National Association (the "Defendant"). The
26 balance owed on this second deed of trust at the time debtors'
27 bankruptcy case was filed was $216,979.99.

28

1  B.    DEBTORS' COMPLAINT AGAINST DEFENDANTS

2       On March 4, 2010 debtor filed a Complaint against Defendant. The

3  summons and complaint and other materials were served on the defendant

4  by mail on March 8, 2010. Default of the Defendant has not yet been

5  entered, but is hereby requested.

6                                III.

7                              **ARGUMENT**

8  A.    A DEFAULT JUDGEMENT SHOULD BE ENTERED AGAINST THE DEFENDANT

9  BECAUSE ALL OF THE ELEMENTS ARE PRESENT FOR THE COURT TO DETERMINE THE

10 VALUE OF PROPERTY AND EXTINGUISH THE LIEN OF DEFENDANT

11

12     **A BROKER'S PRICE OPINION SHOWS THAT THE VALUE OF THE SUBJECT**

13     **PROPERTY WAS $325,000.00 AS OF THE FILING DATE.**

14     Pursuant to Rule 3012 of the Federal Rules of Bankruptcy

15 Procedure (hereinafter "FRBP"), "[t]he court may determine the value

16 of a claim secured by a lien on property in which the estate has an

17 interest, on motion of any party in interest and after a hearing on

18 notice to the holder of the secured claim and any other entity as the

19 court may direct..."

20     In this case, Debtor has provided the Court with a Broker's Price

21 Opinion (the "BPO") showing a market value of $325,000.00. The BPO was

22 completed on January 7, 2010 and was prepared by a disinterested, duly

23 qualified expert within the meaning of Fed. R. Evid. 702. Accordingly

24 Debtor has filed a complaint under separate cover requesting that the

25 court determine the value of the Real Property to be $325,000.00,

26 determine the extent of secured claims and to extinguish the lien in

27 favor of Defendant.

28

1   **GIVEN THE VALUE OF THE REAL PROPERTY, THE FIRST DEED OF TRUST IS**

2   **UNDERSECURED AND THE SECOND DEED OF TRUST IS WHOLLY UNSECURED.**

3   FRBP 3012 implements Section 506(a) of the Bankruptcy Code with

4   respect to valuation of a secured claim in order to determine the

5   extent to which it is secured and the extent to which it is unsecured.

6   Section 506(a) provides:

7   "[a]n allowed claim of a creditor secured by a lien on property

8   in which the estate has an interest...is a secured claim to the

9   extent of the value of such creditor's interest in the estate's

10  interest in such property...and is an unsecured claim to the

11  extent that the value of such creditor's interest...is less than

12  the amount of such allowed claim."

13  Additionally, section 506(d) states that "[t]o the extent that a

14  lien secures a claim against the debtor that it is not an allowed

15  secured claim, such lien is void."

16  Section 506 is a section of general applicability and a Chapter

17  13 case allows bifurcation of a claim into secured and unsecured

18  portions. Wilson v. Commonwealth Mortgage Corp., 895 F.2d 123, 22

19  C.B.C. 561 (3rd Cir. 1990).

20

21  **AS A WHOLLY UNSECURED LIENHOLDER, DEFENDANT'S RIGHTS MAY BE**

22  **MODIFIED UNDER 11 U.S.C. §1322(b)(2) AND DEFENDANT MAY BE TREATED**

23  **AS AN UNSECURED CREDITOR.**

24  Many Courts, even prior to the passage of the BAPCPA of 2005, had

25  already held that Nobleman v. American Savings Bank, 13 S. Ct. 2106

26  (1993) was inapplicable when senior liens were in excess of the fair

27  market value of the property. Therefore, the instant case would fall

28

1   outside the protection otherwise afforded by Nobleman because
2   Defendant's lien is wholly unsecured.

3       The passage of the Bankruptcy Reform Act of 1994 did not change
4   the ability of lien stripping of a wholly unsecured creditor. It
5   merely provided that a loan which fully matures during the life of the
6   plan may be paid through the plan. 11 U.S.C.
7   1322(b)(2).

8       Under Nobleman, a lien cannot be stripped if any portion of the
9   interest was secured. Thus, by implication, when a lien is wholly
10  unsecured, it can be stripped. Courts have consistently distinguished
11  between Nobleman and facts involving a wholly unsecured lien holder.
12  In fact, most reported decisions have rejected the proposition that
13  Nobleman prohibits modification of a totally unsecured lien on a
14  chapter 13 debtor's principal residence. These Courts, along with the
15  9th Circuit Bankruptcy Appellate Panel, interpret Nobleman to require
16  the existence of an allowable secured claim as the predicate for the
17  protection from modification 11 U.S.C. §1322(b)(2).

18      In the 9th Circuit Bankruptcy Appellate Panel Case, In re Lam,
19  the Court held that:

20      "The Nobleman decision holding that section 1322(b) bars a
21      chapter 13 plan from modifying the rights of holders of claims,
22      secured only by the debtor's principal residence, does not apply
23      to holders of totally unsecured claims. The extension of the
24      protections of section 1322(b) to wholly unsecured lien holders
25      is contrary to the provisions of the bankruptcy code allowing
26      dischargeability of unsecured claims."

27      In In re Lam, 121 B.R. 36, 41 (9th Cir. B.A.P. 1997), the Court
28  concurred with the holding of several cases that permitted

1  modification of secured creditor's claims that were wholly unsecured.

2  Id., at 41.

3      Yet another California case has a similar holding to In re Lam.

4  The Court in In re Geyer sustained a debtor's motion to avoid a lien

5  brought under Bankruptcy Code §506(d) and held that a Chapter 13

6  debtor may strip off a lien on his or her primary residence when the

7  lien holder's interest is totally unsecured, stating that:

8      [T]he term 'secured claim' as used in section 1322(b)(2) has the

9      same meaning as the term "secured claim" in section 506(a).

10     Unless there is some equity to which the creditor's lien

11     attaches, there is no allowed secured claim and no entitlement to

12     the protection against modification contained in section

13     1322(b)(2). A chapter 13 debtor may 'strip-off' a lien on his or

14     her primary residence under the plan or under section 506(d) when

15     the lien holder's interest is totally unsecured.

16  In re Geyer, 203 B.R. 726, 729 (S.D. Cal. 1996).

17     The Court's ruling in the case at bar should be unaffected by the

18  landmark Supreme Court case in Nobleman. In Nobleman, Justice Thomas

19  held that Code Section 1322(b)(2) prohibits splitting an undersecured

20  home mortgage holder's claim into its secured and unsecured portions

21  for purposes of confirmation of a Chapter 13 Plan. Nobleman, 13 S. Ct.

22  2106. Unlike the case at bar, in Nobleman, the lien to be stripped was

23  the holder of the first deed of trust for $71,335.00, and the debtor's

24  principal residence was worth $23,500.00. Thus, the bank's claim was

25  at least partially secured by the debtor's home.

26     Here, Defendant's lien is not the first but the second deed of

27  trust. Further, there can be no reasonable contention that any part of

28

1   the second deed of trust is secured. Thus, the facts, reasoning and

2   holding of <u>Nobleman</u> are inapplicable to this case.

3       In this case, the subject property is debtor's principal

4   residence which has a market value of \$325,000.00. First deed of trust

5   holder American Home Mortgage Servicing, Inc. is owed a balance of

6   \$440,534.00. Thus, Defendant's secured interest in the subject

7   property is zero because there is no equity to which its lien could

8   attach.

9       Because Defendant's second mortgage interest is a totally

10  unsecured claim on debtor's residence and it does not have an

11  allowable secured claim, Defendant cannot seek protection from

12  modification under 11 U.S.C. §1322(b)(2) and debtors may modify the

13  claim and avoid Defendant's lien. Therefore, Defendant's second deed

14  of trust should be extinguished, reconveyed and treated as unsecured

15  for purposes of this Chapter 13 proceeding.

16

17      **IN RE DEWSNUP IS DISTINGUISHED FROM THE LIEN STRIPPING REQUESTED**

18      **IN THIS CHAPTER 13 CASE.**

19      The Chapter 7 case <u>Dewsnup v. Tim</u>, 502 U.S. 410, 112 S. Ct. 773,

20  116 L.Ed.2d 903 (1992) has no application to this Chapter 13 case. The

21  relevant cases are those Chapter 13 cases cited by debtor above which

22  turn on interpretations of §1322(b)(2). Those interpretations conclude

23  that a Chapter 13 plan may modify the rights of claim holders, other

24  than those secured only by a security interest in real property that

25  is the debtor's principal residence.

26      Section 1322(b)(2), in light of §506(a), does not preclude

27  modification by a Chapter 13 Plan of the rights of holders of

28

1  unsecured claims even those of holders of deeds of trust which are
2  completely unsecured.

3      To this end, Justice Scalia, in his dissent in Dewsnup, pointed
4  out the difference between lien stripping in a Chapter 7 case and lien
5  stripping in a Chapter 13 case when he stated that,

6      "Respondents assume, for example, that a debtor in a Chapter 13
7      cannot strip down a mortgage placed on the debtor's home; but
8      that assumption may beg the very question the Court answers
9      today. True, Section 1322(b)(2) provides that Chapter 13 filers
10     may not "modify the rights of secured claims" that are "secured
11     only by a security interest in real property that is the debtor's
12     principal residence. But this can be and has been read, in
13     mortgagee's rights only with respect to the operation of his
14     claim that is deemed secured under the Code. See, e.g., In re
15     Hart 923 F.2d 1410, 1415 (CA 10 1991); Wilson v. Commonwealth
16     Mortgage Corp., 895 F.2d 123, 127 CA3 1990)."

17

18 Dewsnup, 502 U.S. 410, 428, 112 S. Ct. 773, 784.

19     In Denver v. Internal Revenue Service, 164 B.R. 132 (C.D. Cal.
20 1994), the Court held that in spite of Dewsnup, Chapter 7 debtors
21 cannot use §506 to strip liens on an undersecured claim, the Supreme
22 Court specifically reserved the question as to the applicability of
23 its ruling in Dewsnup to cases under the reorganization chapters. Id.,
24 at 133. The Denver Court discussed the issue of lien stripping in
25 Chapter 13 cases and cited the 10th Circuit case of In re Hart wherein
26 the Court reasoned:

27     The dispositive issue in this case is whether Eastland's
28     undersecured loan may be bifurcated into two claims by applying

---
MOTION FOR DEFAULT JUDGMENT

9

1       general principals of Section 506(a) to the mortgage and then

2       protecting only the secured claim by provisions of Section

3       1322(b). We believe it can.

4  In re Hart, 923 F.2d 1410, 1413 (10th Cir. 1991).

5       After citing In re Hart, in Denver the Court went on to state:

6       If section 506 does not permit debtors to bifurcate undersecured

7       claims and strip down liens to their collateral value, then all

8       secured creditors would be freed of any concern that debtors

9       could reduce the amount of their liens while retaining property.

10      If Congress did not intend to allow lien stripping in general in

11      Chapter 13 cases, then why would it bother to draft the

12      exclusionary language of Section 1322. As Justice Stevens'

13      concurring opinion in Nobleman emphasized, the legislative

14      history of Section 1322(b)(2) reflects Congressional desire to

15      provide special protections to residential lenders." Denver, at

16      141.

17      Accordingly, the language of the relevant Bankruptcy Code

18  sections and the decisions interpreting those sections warrants a

19  finding that Defendant's lien arising from the second deed of trust

20  may be extinguished and that its claim may be treated as a general

21  unsecured debt in debtors' plan.

22

23                        IV.

24                CONCLUSION

25      Based on the foregoing, the Debtor respectfully requests the

26  relief requested in its adversary be granted by default judgment.

27  Clearly the Deed of Trust of Defendant is wholly unsecured as

28  evidenced by the Broker's Price Opinion, deeds of trust and mortgage

1 | statements. Based on the foregoing, the Plaintiff respectfully
2 | requests that the Second Deed of Trust be ordered extinguished, and
3 | deemed an unsecured claim and to have no further force or effect as a
4 | secured lien against the Plaintiff's residential property. In the
5 | alternative, the Plaintiff respectfully requests to deem the Second as
6 | an unsecured claim during the life of the Plaintiffs' Chapter 13 plan,
7 | that upon the completion of all plan payments and entry of discharge
8 | in this case pursuant to 11 U.S.C. §1328, the lien of Defendant will
9 | be void and will not constitute an encumbrance on the real property
10 | described in the complaint, that upon completion of all plan payments
11 | and upon entry of discharge in this case, Defendant is ordered to
12 | expeditiously reconvey the Deed of Trust and otherwise take such steps
13 | as are required to clear title, free of said lien, as to real property
14 | described in this complaint. The lien shall remain valid if the case
15 | is dismissed or converted to another chapter.

16 |

17 | Respectfully submitted,

18 | DATED: 5/06/10                    LAW OFFICE OF TYSON M. TAKEUCHI
                                       Attorney-at-Law
19 |

20 |

                                       TYSON M. TAKEUCHI
21 |                                    Attorney for Plaintiff

22 |

23 |

24 |

25 |

26 |

27 |

28 |

1   **DECLARATION OF TYSON M. TAKEUCHI**

2   I, Tyson M. Takeuchi, declare:

3   1.   I am an attorney at law, licensed to practice before all

4        courts in the State of California and the Central District

5        of California Federal Courts. I am the Movants' attorney of

6        record and as such have personal knowledge of the following

7        facts. If called upon to do so, I would and could

8        competently testify thereto.

9   2. On January 26, 2010, I caused to be filed a Complaint for

10       Declaratory Relief and to Remove Lien of Defendant. A true,

11       correct and complete copy of the complaint is attached as

12       Exhibit 4.

13  3. The summons and complaint and other materials were served

14       on the defendant by mail on March 8, 2010. A true and

15       complete copy of the Summons & Notice of Status conference

16       served to Defendant is attached hereto as Exhibit 5 and

17       incorporated herein by this reference.

18  4. No answer or other response was filed by the Defendant by

19       April 5, 2010. A true, correct and complete copy of the

20       Docket Report associated with this case, current as of May

21       6, 2010, is attached hereto as Exhibit 6 and incorporated

22       herein by this reference.

23  5. Debtors request the relief requested in their adversary by

24       granted by default.

25  ///

26  ///

27  ///

28

1     I declare under penalty of perjury under the laws of the

2 State of California and the United States of America that the

3 foregoing is true and correct.  Executed in Los Angeles,

4 California on May 6, 2010.

5

6

7                                    Tyson M. Takeuchi, Declarant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF NORMA ISABEL FLORES

2    I, Norma Isabel Flores, declare:

3   1.    I am the debtor in Chapter 13 case number 2:09-bk-46472-VZ. We

4   have personal knowledge of the facts stated in this declaration and

5   could and would testify thereto if called as a witness.

6   2.    I filed this case on December 23, 2009. I am the owner of a

7   residential property located at 1662 North Marine Avenue, Wilmington,

8   CA 90744 (hereinafter the "Subject Property"). I live in the Subject

9   Property and disclosed it in our bankruptcy schedules.

10  3.    On or about January 7, 2009, I hired Mr. Arbi Sarkissian to

11  provide an opinion of the fair market value of the SUBJECT PROPERTY.

12  We have no personal or business relationship with Mr. Arbi Sarkissian.

13  4.    According to Mr. Arbi Sarkissian, the value of the SUBJECT

14  PROPERTY was approximately $325,000.00. A true, correct and complete

15  copy of the Broker's Price Opinion prepared by Mr. Arbi Sarkissian is

16  attached hereto as Exhibit 1 and incorporated herein by this

17  reference.

18  5.    On March 4, 2010 I filed a Complaint for Declaratory Relief and

19  to Remove Lien of Defendant. A true, correct and complete copy of the

20  complaint is attached as Exhibit 4.

21  6.    The Subject Property was subject to a first deed of trust in

22  favor of lender, BAC Home Loans. At the time my bankruptcy case was

23  filed, the balance secured against the SUBJECT PROPERTY and owed to

24  BAC Home Loans was $440,534.00. We do not dispute this amount. A true,

25  correct and complete copy of the first two pages of my Experian credit

26  report, dated December 11, 2009, is attached as Exhibit 2.

27  7.    The Subject Property was also subject to a second deed of

28  trust in favor of Defendant Wachovia Bank, National Association.

1  At the time our bankruptcy case was filed, the balance secured

2  against the Subject Property and owed to Wachovia Bank, National

3  Association. was $216,979.99. A true, correct and complete copy

4  of the first two pages of the proof of claim filed by Defendant

5  is attached as Exhibit 3.

6      We declare under penalty of perjury under the laws of the

7  State of California and the United States of America that the

8  foregoing is true and correct.   Executed in Los Angeles,

9  California on May 6, 2010.

10

11                                          Norma Flores, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



EXHIBIT 1

## BPO 1662-1664 N. Marine Ave., Wilmington, CA 90744



Prepared Especially for:

# The Law Offices of Tyson M. Takeuchi
# 213-637-1566
# ty@TysonFirm.com

Courtesy of:

Arbi Sarkissian
Prudential California Realty
1625 W. Glenoaks Blvd.
Glendale, CA 91201
818-371-0236
arbi@TheSoCalAgent.com

## BPO 1662-1664 N. Marine Ave., Wilmington, CA 90744

## Sold Comparables

  

|  | Your Property | #1 | Adj | #2 | Adj |
|---|---|---|---|---|---|
| **Address** |  | 1118 Ravenna |  | 1025 Gulf |  |
| **PropType** |  | Rin |  | Rin |  |
| **City** |  | Wilm |  | Wilm |  |
| **Area** |  | 195 |  | 195 |  |
| **List Date** | (none) | 8/6/2009 |  | 8/17/2009 |  |
| **Pending Date** | (none) | 8/24/2009 |  | 8/29/2009 |  |
| **COE Date** | (none) | 10/26/2009 |  | 11/18/2009 |  |
| **APNO** |  | 7420017027 |  | 7415-029-031 |  |
| **MLSNO** |  | ltc-12128222 |  | P699560 |  |
| **Status** |  | Sold |  | Sold |  |
| **List Price** |  | 259,900 |  | 349,000 |  |
| **Original List Price** |  | 259,900 |  | 399,000 |  |
| **Sold Price** |  | 315,000 |  | 355,000 |  |
| **# Units** | 2 | 3 |  | 2 |  |
| **Total Bldg SqFt** | 2,096 | 3,216 |  | 2,297 |  |
| **Lot Size** | 6273 | 7100 |  | 7492 |  |
| **Year Built** | 1939 | 1930 |  | 1953 |  |
| **City** | WILM | WILM |  | WILM |  |
| **Zip** | 90744 | 90744 |  | 90744 |  |
| **TGNO** | 794E4 | 794D5 |  | 794D6 |  |
| **SP/SqFt** | N/A | 97.94 |  | 154.55 |  |
| **Sold Date (COE/End Date)** | N/A | Oct 26 2009 |  | Nov 18 2009 |  |
| **Net Adjustments** |  |  | 0 |  | 0 |
| **Adjusted Price** |  |  | 315,000 |  | 355,000 |

**Notes**    Property Address:
1662-1664 North Marine
Avenue, Wilmington, CA 90744

Page 1 of 3

## BPO 1662-1664 N. Marine Ave., Wilmington, CA 90744

### Sold Comparables



| | Your Property | #3 | Adj |
|---|---|---|---|
| Address | | 1007 G | |
| PropType | | Rin | |
| City | | Wilm | |
| Area | | 195 | |
| List Date | (none) | 5/9/2009 | |
| Pending Date | (none) | 9/15/2009 | |
| COE Date | (none) | 11/30/2009 | |
| APNO | | 7416-012-015 | |
| MLSNO | | R903160 | |
| Status | | Sold | |
| List Price | | 525,000 | |
| Original List Price | | 525,000 | |
| Sold Price | | 530,000 | |
| # Units | 2 | 2 | |
| Total Bldg SqFt | 2,096 | 2,824 | |
| Lot Size | 6273 | 4660 | |
| Year Built | 1939 | 2008 | |
| City | WILM | WILM | |
| Zip | 90744 | 90744 | |
| TGNO | 794E4 | 794D7 | |
| SP/SqFt | N/A | 187.68 | |
| Sold Date (COE/End Date) | N/A | Nov 30 2009 | |
| Net Adjustments | | | 0 |
| Adjusted Price | | | 530,000 |

| Notes | Property Address: 1662-1664 North Marine Avenue, Wilmington, CA 90744 |
|---|---|

# BPO 1662-1664 N. Marine Ave., Wilmington, CA 90744

## Comparable Price Analysis

| | |
|---|---|
| **Comparable Price Analysis** | *Sales Price* |
| Low Price | **315,000** |
| Average Price | **400,000** |
| High Price | **530,000** |
| | |
| **Adjusted Price Analysis** | *Adjusted Sales Price* |
| Low Price | **315,000** |
| Average Price | **400,000** |
| High Price | **530,000** |

## Suggested List Price                             325,000

**Notes:** FMV = $325,000 = $155/SqFt x 2,096 SqFt

1 **DECLARATION OF ARBI SARKISSIAN**

2

3 I, ARBI SARKISSIAN, declare:

4 1. I am a licensed California real estate agent, I am
5 over eighteen years of age, and as a witness, I could and would
6 competently testify to all the statements of fact made herein.

7 2. My business address is ARBI SARKISSIAN at Prudential
8 California Realty, 1625 W. Glenoaks Blvd., Glendale, CA 91201.
9 My business phone number is: (818) 371-1236.

10 3. On January 7, 2010, I prepared a Broker's Price
11 Opinion ('BPO') regarding the duplex at:

12 1662-1664 North Marine Avenue, Wilmington, CA 90744

13 ('the subject property').

14 4. The subject property was built in 1939, and it
15 consists of 2 units, 4BR, 3BA, 2,096 SqFt, on a 6,273 SqFt lot.

16 5. The BPO was prepared using the common method used to
17 generate a BPO regarding the properties in that particular sub-
18 market; three (3) nearby properties were used as
19 comparable/control properties.

20 6. The sub-market, in which the Debtor's property is
21 located, has been devastated with a large amount of
22 foreclosures. Furthermore, there are a large number of Lender
23 Owned Properties present in the sub-market.

24 7. Given all of the information available from the BPO,
25 it is my opinion that the current FMV of the subject property is
26 $325,000 or $155/SqFt.

27 ///

28 ///

Page 1 of 2

DECLARATION

$2 - 0$

1    8.   Attached to this motion is a true complete and correct

2   Brokers Price Opinion, which I prepared for the debtor on

3   January 7, 2010

4       I declare under penalty of perjury under the laws of the

5   State of California and the United States of America that the

6   foregoing is true and correct.

7

8       Executed this January 7, 2010 at Glendale, California

9

10

11                              ARBI SARKISSIAN, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



EXHIBIT 2

EXHIBIT 2

## :::: Experian·
A world of insight

**X** Close window

## Online Personal Credit Report from Experian for

Experian credit report prepared for

**NORMA FLORES**

Your report number is

**1322-2109-43**

Report date:

**12/11/2009**

Index

- Potentially negative items

- Accounts in good standing

- Requests for your credit history

- Personal information

- Important message from Experian

- Contact us

- Know your rights



Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e., "Cancer Center") that reports your payment history to us. If so, those names display in your report, but in reports to others they display only as "Medical Information Provider." Consumer statements included on your report at your request that contain medical information are disclosed to others.

To return to your report in the near future, log on to www.experian.com/consumer and select "View your report again" or "Dispute" and then enter your report number.

If you disagree with information in this report, return to the Report Summary page and follow the instructions for disputing.

## Potentially Negative Items or items for further review

back to top

This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies and unpaid tax liens, which may remain for up to 10 years. A paid tax lien may remain for up to seven years. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

## Credit Items

For your protection, the last few digits of your account numbers do not display.

**BAC HOME LOANS/COUNTRYWIDE**
Address:                        Account Number:
450 AMERICAN ST # SV416        11472....
SIMI VALLEY, CA 93065
(800) 669-6607
**Address Identification Number:**

22

12/11/2009
0174990140

Status: Open.

| | | |
|---|---|---|
| Date Opened:<br>10/2005 | Type:<br>Mortgage | |
| Reported Since:<br>01/2006 | Terms:<br>30 Years | |
| Date of Status:<br>04/2009 | Monthly Payment:<br>$2,089 | |
| Last Reported:<br>10/2009 | Responsibility:<br>Individual | |

**Status Details:** As of Dec 2014, this account is scheduled to go to a positive status.
This item was verified and updated on Aug 2009.
**Credit Limit/Original Amount:**
$428,000
**High Balance:**
NA
**Recent Balance:**
$440,534 as of 10/2009
**Recent Payment:**
$0

Account History:
180 days past due as of Aug 2008 to Mar 2009
150 days past due as of Jul 2008
120 days past due as of Jun 2008
90 days past due as of May 2008
60 days past due as of Apr 2008
30 days past due as of Mar 2008, Aug 2007

CHASE BANK USA
Address:                    Account Number:
800 BROOKSEDGE BLVD         426684110706....
WESTERVILLE, OH 43081
(800) 955-9900
Address Identification Number:
0174990140

Status: Closed. $1,081 past due as of Dec 2009.

**Status Details:**
This item was verified and updated on Aug 2009.

| | |
|---|---|
| Date Opened:<br>07/2006 | Type:<br>Revolving |
| Reported Since:<br>08/2006 | Terms:<br>NA |
| Date of Status:<br>08/2009 | Monthly Payment:<br>$147 |
| Last Reported:<br>12/2009 | Responsibility:<br>Individual |

**Credit Limit/Original Amount:**
$7,900
**High Balance:**
$8,320
**Recent Balance:**
$7,359 as of 12/2009
**Recent Payment:**
$0

Creditor's Statement: Account closed at credit grantor's request.

Account History:
180 days past due as of Dec 2009
150 days past due as of Nov 2009
120 days past due as of Oct 2009
90 days past due as of Sep 2009
60 days past due as of Aug 2009
30 days past due as of Jul 2009

Balance History:
11/2009  $7,359
10/2009  $7,359
09/2009  $7,359
08/2009  $7,359
07/2009  $7,322
06/2009  $7,286
05/2009  $7,409
04/2009  $7,372
03/2009  $7,494
02/2009  $7,794
01/2009  $7,913

2⊃



EXHIBIT 3

EXHIBIT 3

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA LOS ANGELES DIVISION | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor: Norma Isabel Flores | Case Number:LA09-46472-VZ |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property): Wachovia Bank, National Association | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent: Specialized Loan Servicing LLC 8742 Lucent Blvd, Suite 300 Highlands Ranch, Colorado 80129 | **Court Claim Number:**_____ (*If known*) <br><br> Filed on: |
| Name and address where payment should be sent (if different from above): Specialized Loan Servicing LLC 8742 Lucent Blvd, Suite 300 Highlands Ranch, Colorado 80129 <br><br> Telephone Number: (800) 315-4757 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. <br><br> ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:** $216,979.99 <br><br> If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4. <br><br> If all or part of your claim is entitled to priority, complete item 5. <br><br> ☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.** <br><br> Specify the priority of the claim. <br><br> ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** Money Loaned <br> (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** xxxxxx3095 <br><br> **3a.** Debtor may have scheduled account as: _____ <br> (See instruction #3a on reverse side.) | |
| **4. Secured Claim** (See instruction #4 on reverse side.) <br> Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information. <br><br> **Nature of property or right of setoff:** ☒ Real Estate ☐ Motor Vehicle ☐ Other:_____ <br> **Describe:** 1664 North Marine Avenue, Los Angeles, California 90744 <br><br> **Value of Property:** not available    **Annual Interest Rate:** <br><br> Amount of arrearage and other charges as of time case filed included in secured claim, <br><br> if any: $24,513.01 **Basis for perfection:** Recordation of Lien <br><br> **Amount of Secured Claim:** $216,979.99 **Amount Unsecured** $0.00 | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5). <br><br> ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7). <br><br> ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8). <br><br> ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__). |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. <br> **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*) <br><br> DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. <br> If the documents are not available, please explain: | **Amount entitled to priority:** $_____ <br><br> *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: January 19, 2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br> /s/ Lawrence J. Buckley as Creditor's Authorized Agent    P.O. Box 829009 <br> 972.643.6600    Dallas, TX 75382-9009 | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.
7745-N-2097

2.4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION

| IN RE: | § | |
| | § | CASE NO. LA09-46472-VZ |
| NORMA ISABEL FLORES | § | |
| | § | CHAPTER 13 |
| | § | |
| | § | JUDGE VINCENT ZURZOLO |

## EXHIBIT A

ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING
DOCUMENTS FOR CLAIM OF SPECIALIZED LOAN SERVICING LLC, AS SERVICING AGENT FOR WACHOVIA BANK, NATIONAL
ASSOCIATION
REGARDING CERTAIN COLLATERAL DESCRIBED AS:
1664 NORTH MARINE AVENUE, LOS ANGELES, CALIFORNIA 90744

SECTION 1. ITEMIZATION OF CLAIM

| 1. | Total Debt  (As of December 23, 2009) | $216,979.99 |
|---|---|---|
| 2. | Interest rate as of  December 23, 2009 | 5.75% |
| 3. | Interest from Last Paid Installment | $23,892.53 |
| 4. | Detail of arrearage: (through Jan 10) | |
| | 1 payments March 2008 through April 2008 @ $1,511.42 each: | $1,511.42 |
| | 1 payments April 2008 through May 2008 @ $1,363.08 each: | $1,363.08 |
| | 1 payments May 2008 through June 2008 @ $1,242.81 each: | $1,242.81 |
| | 1 payments June 2008 through July 2008 @ $1,284.24 each: | $1,284.24 |
| | 1 payments July 2008 through August 2008 @ $1,202.72 each: | $1,202.72 |
| | 2 payments August 2008 through September 2008 @ $1,242.81 each: | $2,485.62 |
| | 1 payments October 2008 through November 2008 @ $1,202.72 each: | $1,202.72 |
| | 1 payments November 2008 through December 2008 @ $1,242.81 each: | $1,242.81 |
| | 1 payments December 2009 through January 2009 @ $1,122.54 each: | $1,122.54 |
| | 1 payments January 2009 through February 2009 @ $1,077.10 each: | $1,077.10 |
| | 1 payments February through March 2009 @ $952.82 each: | $952.82 |
| | 1 payments March 2009 through April 2009 @ $859.19 each: | $859.19 |
| | 1 payments April 2009 through May 2009 @ $947.15 each: | $947.15 |
| | 1 payments May 2009 through June 2009 @ $915.00 each: | $915.00 |
| | 1 payments June 2009 through July 2009 @ $945.50 each: | $945.50 |
| | 1 payments July 2009 through August 2009 @ $915.00 each: | $915.00 |
| | 1 payments August 2009 through September 2009 @ $945.06 each: | $945.06 |
| | 1 payments September 2009 through October 2009 @ $913.75 each: | $913.75 |
| | 1 payments October 2009 through November 2009 @ $913.16 each: | $913.16 |
| | 1 payments November 2009 through December 2009 @ $942.62 each: | $942.62 |
| | 1 payments December 2009 through January 2010 @ $911.19 each: | $911.19 |
| | Accrued late charges | $617.51 |
| | ** ATTORNEY FEES AND COSTS | $0.00 |
| | ** OTHER CHARGES | |
| | TOTAL ARREARAGE | $24,513.01 |

The monthly payment consists of accrued finance charges on the Principal Balance as defined in the attached
Agreement. The minimum monthly payment for January 16, 2010 is $940.51.

Name of Creditor: Specialized Loan Servicing LLC, as servicing agent for Wachovia Bank, National Association
("Wachovia Bank")
File Number 7745-N-2097 / poc

EXHIBIT A - ITEMIZATION OF CLAIM AND SUMMARY OF SUPPORTING DOCUMENTS                                    1

25



EXHIBIT 4

EXHIBIT 4

3/4/2010                           CM/ECF - U.S. Bankruptcy Court (v3.3.2...

**Open Adversary Case**

## U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Takeuchi, Tyson entered on 3/4/2010 at 11:09 AM PST and filed on 3/4/2010

**Case Name:**      Flores v. Wachovia Bank, National Association

**Case Number:**    2:10-ap-01272-VZ

**Document Number:** 1

**Case Name:**      Norma Isabel Flores

**Case Number:**    2:09-bk-46472-VZ

**Document Number:** 17

### Docket Text:
Adversary case 2:10-ap-01272. Complaint by Norma Isabel Flores against Wachovia Bank, National Association. (Fee Not Required). Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)) (Takeuchi, Tyson)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**adversary to strip 2nd - rdy to file.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=3/4/2010] [FileNumber=32408407-0
] [0504ae1a93c789d9051b806c376eebe34840ca441c5d9ea8e8dc4c59696fddaac34
edd85d923244060f0a4964538765b1e21f019e375d3cd9089fa6e176ef02b]]
**Document description:**Main Document
**Original filename:**adversary to strip 2nd - rdy to file.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=3/4/2010] [FileNumber=32408408-0
] [54ca00e35764a968e45c16190cc49f93b3cd23a60c2aab23ac13a1e13e8540614d9
7ba8ef15cad5b7521d6ab9ddf013396bf7cf02a635ff348bd6406d1beb2b4]]

### 2:10-ap-01272-VZ Notice will be electronically mailed to:

Tyson Takeuchi on behalf of Plaintiff Norma Flores
tysonlawfirm@yahoo.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

26

**2:10-ap-01272-VZ Notice will not be electronically mailed to:**

Wachovia Bank, National Association
c/o Specialized Loan Servicing
8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

**2:09-bk-46472-VZ Notice will be electronically mailed to:**

Nancy K Curry
ecfnc@trustee13.com

Joe M Lozano on behalf of Creditor Specialized Loan Servicing, LLC
notice@NBSDefaultServices.com

Tyson Takeuchi on behalf of Debtor Norma Flores
tysonlawfirm@yahoo.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**2:09-bk-46472-VZ Notice will not be electronically mailed to:**

2 7

FORM B104 (08/07)                                                                 2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>NORMA ISABEL FLORES | DEFENDANTS<br>WACHOVIA BANK, NATIONAL ASSOCIATION |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>TYSON M. TAKEUCHI (SBN 177419)<br>1100 Wilshire Blvd., Suite 2606<br>Los Angeles, CA 90017 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☑ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☑ Creditor | ☐ Other |
| ☐ Trustee | | ☐ Trustee | |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPAINT FOR DECLARATORY RELIEF AND TO REMOVE LIEN OF DEFENDANTS

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

FRBP 7001(1) – Recovery of Money/Property

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

FRBP 7001(2) – Validity, Priority or Extent of Lien

☐ 21-Validity, priority or extent of lien or other interest in property

FRBP 7001(3) – Approval of Sale of Property

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

FRBP 7001(4) – Objection/Revocation of Discharge

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

FRBP 7001(5) – Revocation of Confirmation

☐ 51-Revocation of confirmation

FRBP 7001(6) – Dischargeability

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

FRBP 7001(6) – Dischargeability (continued)

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

FRBP 7001(7) – Injunctive Relief

☐ 71-Injunctive relief – Imposition of stay

☐ 72-Injunctive relief – other

FRBP 7001(8) Subordination of Claim or Interest

☐ 81-Subordination of claim or interest

FRBP 7001(9) Declaratory Judgment

☑ 91-Declaratory judgment

FRBP 7001(10) Determination of Removed Action

☐ 01-Determination of removed claim or cause

Other

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

28

FORM B104 (08/07), page 2                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>NORMA ISABEL FLORES | | BANKRUPTCY CASE NO.<br><br>LA09-46472-VZ |
| DISTRICT IN WHICH CASE IS PENDING<br><br>Central District of California | DIVISIONAL OFFICE<br><br>Los Angeles | NAME OF JUDGE<br><br>Vincent Zurzolo |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br><br>3 - 04 - 10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Tyson M. Takeuchi 177419 | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

29

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Tyson M. Takeuchi (SBN 177419)<br>Law Office of Tyson M. Takeuchi & Associates<br>1100 Wilshire Blvd., Ste. 2606<br>Los Angeles, CA 90017<br>Tel: (213) 637-1566<br>Fax: (866) 481-3236<br><br>*Attorney for Plaintiff* Emma Espinoza | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re:<br>NORMA ISABEL FLORES, | CHAPTER  13 <br>CASE NUMBER  LA09-46472-VZ |
| Debtor. | ADVERSARY NUMBER |
| NORMA ISABEL FLORES,<br><br>Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| vs.<br>WACHOVIA BANK, NATIONAL ASSOCIATION,<br><br>Defendant(s). | **SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒ **255 East Temple Street, Los Angeles** | | ☐ **411 West Fourth Street, Santa Ana** | |
| ☐ **21041 Burbank Boulevard, Woodland Hills** | | ☐ **1415 State Street, Santa Barbara** | |
| ☐ **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: _____
        *Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)                                                                 **F 7004-1**

30

| | Summons and Notice of Status Conference - *Page 2* | **F 7004-1** |
|---|---|---|
| In re<br>NORMA ISABEL FLORES, | (SHORT TITLE) | CASE NO.: LA09-46472-VZ |
| | Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1100 Wilshire Blvd., Suite 2606, Los Angeles, CA 90017

A true and correct copy of the foregoing document described as _Summons & Notice of Status Conference_ _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Date | Type Name | Signature |
|---|---|---|

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009 (COA-SA)                                                                                                   **F 7004-1**

| Summons and Notice of Status Conference - *Page 3* | | **F 7004-1** |
|---|---|---|
| In re | (SHORT TITLE) | CASE NO.: LA09-46472-VZ |
| NORMA ISABEL FLORES, | Debtor(s). | |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Nancy K. Curry
Chapter 13 Trustee
606 South Olive Street, Suite 950
Los Angeles, CA 90014

United States Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

The Following Served by Certified Mail:

Wachovia Bank, National Association
c/o Specialized Loan Servicing, LLC
Attn: John Beggins, CEO
8742 Lucent Boulevard, Suite 300
Highlands Ranch, CO 80129

Specialized Loan Servicing, LLC
Agent for Service of Process:
Capital Corporate Services, Inc.
455 Capitol Mall, Suite 217
Sacramento, CA 95814

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)                                                                                       **F 7004-1**

1  | Tyson M. Takeuchi, SBN 177419
   | LAW OFFICE OF TYSON M. TAKEUCHI
2  | 1100 Wilshire Blvd., Suite 2606
   | Los Angeles, CA 90017
3  | Telephone: (213) 637-1566
   | Facsimile: (866) 481-3236
4  |
   | Attorney for Debtor(s):
5  | Norma Isabel Flores

6  |              UNITED STATES BANKRUPTCY COURT

7  |      CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

8  | In re:                          )) Case No.: 2:09-bk-46472-VZ
   |                                 ))
9  | NORMA ISABEL FLORES,            )) Adv. No.: [TBD]
   |                                 ))
10 |                 Debtor(s).      )) Chapter 13
   |                                 ))
11 |                                 )) COMPLAINT FOR DECLARATORY RELIEF,
   |                                 )) AND TO REMOVE LIEN OF DEFENDANTS,
12 | NORMA ISABEL FLORES,            )) PURSUANT TO 11 U.S.C. SEC 506(a)
   |                                 ))
13 |                 Plaintiff(s),   )) DATE: [TBD]
   |                                 )) TIME: [TBD]
14 |      v.                         )) CTRM: [TBD]
   |                                 ))
15 | WACHOVIA BANK, NATIONAL         ))
   | ASSOCIATION,                    ))
16 |                 Defendant(s).   ))
   |                                 ))
17 |

18 |
   |                          INTRODUCTION
19 |
   |      1.    This is an action brought by the Plaintiff for a
20 |
   | Declaratory Relief and to Remove Lien of Defendant Pursuant to 11
21 |
   | U.S.C. SEC 506(a) filed by Debtor Norma Isabel Flores (the "Debtor"
22 |
   | and/or "Plaintiff").
23 |
   |      2.    This action is also filed to enforce and to implement other
24 |
   | Bankruptcy Code provisions and Rules related thereto as plead herein
25 |
   | below.
26 |
27 |                 .
28 |

                          Page 1 of 6

   COMPLAINT FOR DECLARATORY RELIEF, AND TO REMOVE LIEN OF DEFENDANTS

33

1                         JURISDICTIONAL ALLEGATIONS

2        3.     This adversary proceeding arises out of and is related to

3 the above-captioned Chapter 13 case of Plaintiff, Case No. 2:09-bk-

4 46472-VZ, now pending in this United States Bankruptcy Court.

5 Therefore this court has jurisdiction over this matter pursuant to 28

6 U.S.C. SEC 157, 1334, and General Order No. 266 of the United States

7 District Court for the Central District of California.

8        4.     Defendant herein has a claim against Plaintiff, as defined

9 by 11 U.S.C. SEC 101(5). The complaint, as set forth herein, involves

10 the determination of the secured status of a claim pursuant to 11

11 U.S.C. SEC 506, and as such, constitutes a "core" proceeding pursuant

12 to 28 U.S.C. SEC 157(2).

13        5.     Venue for this motion is proper pursuant to 20 U.S.C. SEC

14 1409(a).

15                         GENERAL ALLEGATIONS

16        6.     Plaintiff owns a parcel of real property commonly known as

17 1662 North Marine Avenue, Wilmington, CA 90744 (the "Subject

18 Property"). Plaintiff resides in the property.

19        7.     As of the date of the filing of the Chapter 13 bankruptcy

20 case herein, that property had a fair market value of approximately

21 $325,000.00.

22        8.     Plaintiff filed the above-captioned Chapter 13 case on

23 December 23, 2009.

24        9.     As of the date of the filing of the case, the following

25 liens encumbered the property: A First Deed of Trust in favor of BAC

26 Home Loans in the amount of $440,534.00; a Second Deed of Trust in

27 favor of Defendant in the amount of $216,979.99. These figures are

28

Page 2 of 6

1  based on credit reports pulled at the time Plaintiff's attorney
2  prepared the instant bankruptcy case for filing.

3      10.  As of the date of filing of the Chapter 13 bankruptcy case
4  herein, only the First Deed of Trust in favor of BAC Home Loans is a
5  secured claim, as defined by 11 U.S.C. SEC 506(a).

6      11.  As of the date of filing of the Chapter 13 bankruptcy case
7  herein, the Second Deed of Trust in favor of Defendant was an entirely
8  unsecured claim.

9  CLAIM FOR RELIEF

10  [To Determine Claim to be Entirely Unsecured

11  And Remove Lien Pursuant to 11 U.S.C. SEC 506(b)]

12      12.  Plaintiff re-alleges and incorporates by reference each and
13  every allegation contained in paragraphs 1 through 11, inclusive,
14  though fully set forth herein.

15      13.  Pursuant to 11 U.S.C. SEC 506(a), the Second Deed of Trust
16  in favor of the Defendant was, as of the filing date of the bankruptcy
17  case herein, entirely unsecured.

18      14.  Pursuant to controlling Ninth Circuit Law, the lien of
19  Defendant is completely unsecured, may be treated as unsecured in
20  Plaintiff's Chapter 13 Plan, and may be removed.

21      15.  As a result of the foregoing, Plaintiff is entitled to an
22  order from the court which removes the lien of Defendant against
23  Plaintiff's residential property, and declares that the Second Deed of
24  Trust is of no further force and effect as a secured lien against
25  Plaintiff's residential property, pursuant to 11 U.S.C. SEC 506(a).

26

27

28

Page 3 of 6

1     WHEREFORE, Plaintiff prays for the following:

2     1.    That a judgment be entered in favor of Plaintiff and

3 against Defendant removing the lien created by the Second Deed of

4 Trust in favor of Defendant;

5     2.    For such other and further relief as this Court deems just

6 and proper.

7

8 Respectfully Submitted,

9

10 DATED: March 4, 2010             LAW OFFICE OF TYSON M. TAKEUCHI
                               Attorney-at-Law

11

12

13                                TYSON M. TAKEUCHI

14                                Attorney for Movant(s)

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF, AND TO REMOVE LIEN OF DEFENDANTS

3 6

1                    DECLARATION OF NORMA ISBABEL FLORES

2        I, Norma Flores, declare and state as follows:

3        1.    I am the debtor in Chapter 13 case No. 2:09-bk-46472-VZ, I

4   have personal knowledge of the facts stated herein, and if called upon

5   to testify, could and would testify competently thereto.

6        2.    My attorney, Tyson M. Takeuchi, filed the instant Chapter

7   13 bankruptcy case on my behalf on December 23, 2009.

8        3.    I own and reside in the property located at 1662 North

9   Marine Avenue, Wilmington, CA 90744.

10       4.    I purchased my home on February 8, 2005 with two loans

11  issued by Countrywide Home Loans. The amounts owed these loans were

12  $428,000.00 and $107,000.00. The loans were structured according to

13  the 80-20 format.

14       5.    BAC Home Loans has since taken over the first loan, and the

15  amount owed for this loan at the time I filed my bankruptcy case was

16  $440,534.00.

17       6.    The second loan is now serviced by Specialized Loan

18  Servicing. The beneficiary is Wachovia Bank, National Association. At

19  the time I filed my bankruptcy case, the amount owed on this mortgage

20  was $216,979.99.

21       7.    At the time I filed my bankruptcy case, I requested

22  estimates of the value of my home from several real estate agents.

23  According to a Broker's Price Opinion, which I can furnish upon the

24  Court's request, the value of my home at the time my bankruptcy was

25  filed was $325,000.00.

26

27

28

                                Page 5 of 6

37

1      I declare under penalty of perjury under the laws of the State of

2  California and the United States of America that the forgoing is true

3  and correct to the best of my knowledge and belief.

4      Executed this 4th Day of March, 2010, at Los Angeles, California.

5

6                       Norma Isabel Flores, Declarant

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 6 of 6

COMPLAINT FOR DECLARATORY RELIEF, AND TO REMOVE LIEN OF DEFENDANTS

38

| In re: Norma Isabel Flores | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-46472-VZ |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
LAW OFFICE OF TYSON M. TAKEUCHI
1100 Wilshire Blvd, Ste 2606
Los Angeles, CA 90017

A true and correct copy of the foregoing document described as COMPLAINT FOR DECLARATORY RELIEF, AND TO
REMOVE LIEN OF DEFENDANTS, PURSUANT TO 11 U.S.C. SEC 506(a)                                    will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 3/4/10                          I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

(see attached Service List)

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/4/10 | Albert Pfaffman | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                  **F 9013-3.1**

| In re: Norma Isabel Flores | | CHAPTER: 13 |
| --- | --- | --- |
| | Debtor(s). | CASE NUMBER: 2:09-bk-46472-VZ |

**ADDITIONAL SERVICE INFORMATION (if needed):**

Nancy K. Curry
Chapter 13 Trustee
606 South Olive Street, Suite 950
Los Angeles, CA 90014

United States Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

The Following Served by Certified Mail:

Wachovia Bank, National Association
c/o Specialized Loan Servicing, LLC
Attn: John Beggins, CEO
8742 Lucent Boulevard, Suite 300
Highlands Ranch, CO 80129

Specialized Loan Servicing, LLC
Agent for Service of Process:
Capital Corporate Services, Inc.
455 Capitol Mall, Suite 217
Sacramento, CA 95814

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          F 9013-3.1

$\mathcal{YD}$

# EXHIBIT 5

EXHIBIT 5

3/26/2010  CM/ECF - U.S. Bankruptcy Court (v3.3.2...

## Complaint/Summons:

2:10-ap-01272-VZ Flores v. Wachovia Bank, National Association

| | | |
|---|---|---|
| Type: ap | Chapter: v | Office: 2 (Los Angeles) |
| Judge: VZ | Lead Case: 2-09-bk-46472 | Case Flag: NoFeeRequired |

### U.S. Bankruptcy Court

### Central District Of California

Notice of Electronic Filing

The following transaction was received from Takeuchi, Tyson entered on 3/26/2010 at 12:34 PM PDT and filed on 3/26/2010

**Case Name:**     Flores v. Wachovia Bank, National Association

**Case Number:**   2:10-ap-01272-VZ

**Document Number:** 3

**Docket Text:**
Summons Service Executed on Wachovia Bank, National Association 3/8/2010 (Takeuchi, Tyson)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** summons service executed - rdy to file.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=3/26/2010] [FileNumber=33069044-
0] [20e332b073aa921d1fe3a7e68c706b698d5e82f47f91953a0eec45fcfe31791b57
91b8ba9233d83712799ce37d0a7c52a1877526f7a6601aa8deb4a00dc355b4]]

### 2:10-ap-01272-VZ Notice will be electronically mailed to:

Nancy K. Curry
ecfnc@trustee13.com

Tyson Takeuchi on behalf of Plaintiff Norma Flores
tysonlawfirm@yahoo.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

### 2:10-ap-01272-VZ Notice will not be electronically mailed to:

4/1

3/26/2010

Wachovia Bank, National Association
c/o Specialized Loan Servicing
8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

Case 2:10-ap-01272-VZ   Doc 2   Filed 03/04/10   Entered 03/04/10 14:33:22   Desc
Main Document   Page 1 of 2

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Tyson Takeuchi<br>Law Offices of Tyson Takeuchi<br>1100 Wilshire Blvd Ste 2606<br>Los Angeles, CA 90017<br>213-637-1566<br>Fax : 213-402-5422<br>Email: tysonlawfirm@yahoo.com<br><br>*Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:  Norma Isabel Flores | CHAPTER 13 |
|---|---|
| | CASE NUMBER LA09-46472-VZ |
| Debtor. | ADVERSARY NUMBER LA10-01272-VZ |
| Norma Isabel Flores<br><br>Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| vs.<br><br>Wachovia Bank, National Association<br>Defendant(s). | **SUMMONS AND NOTICE OF**<br>**STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by 4/05/2010 _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** 05/06/2010 | **Time:** 10:00 am | **Courtroom:** 1368 | **Floor:** 1368 |
|---|---|---|---|

☒ **255 East Temple Street, Los Angeles**       ☐ **411 West Fourth Street, Santa Ana**

☐ **21041 Burbank Boulevard, Woodland Hills**     ☐ **1415 State Street, Santa Barbara**

☐ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance:  03/04/10 _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____ . William C Kaaumoana _____
*Deputy Clerk*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)

**F 7004-1**

43

**F 7004-1**

| In re<br>Norma Isabel Flores | (SHORT TITLE) | CASE NO.: LA09-46472-VZ |
|---|---|---|
| | Debtor(s). | LA10-01272-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as  SUMMONS , PRE·STATUS INSTRUCTIONS, COMPLAINT FOR DECLARATORY RELIEF will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 3/8/10 _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 3/8/10 | Albert Pfaffman | Signature |
|---|---|---|
| Date | Type Name | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)                                               **F 7004-1**

44

| In re: Norma Isabel Flores | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:09-bk-46472-VZ |

**ADDITIONAL SERVICE INFORMATION (if needed):**

Nancy K. Curry
Chapter 13 Trustee
606 South Olive Street, Suite 950
Los Angeles, CA 90014

United States Trustee
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

The Following Served by Certified Mail:

Wachovia Bank, National Association
c/o Specialized Loan Servicing, LLC
Attn: John Beggins, CEO
8742 Lucent Boulevard, Suite 300
Highlands Ranch, CO 80129

Specialized Loan Servicing, LLC
Agent for Service of Process:
Capital Corporate Services, Inc.
455 Capitol Mall, Suite 217
Sacramento, CA 95814

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                          **F 9013-3.1**

Case 2:10-ap-01272-VZ   Doc 5   Filed 05/06/10   Entered 05/06/10 16:28:40   Desc
Main Document      Page 51 of 65

Case 2:10-ap-01272-VZ   Doc 2-1   Filed 03/04/10   Entered 03/04/10 14:33:22   Desc
Pre Status Conference Instructions    Page 1 of 8

Revised 7/06

### PRE-STATUS CONFERENCE INSTRUCTIONS

1.      Pursuant to Local Bankruptcy Rule 7016-1(a)(2), all parties shall file a Joint Status Report at least fourteen (14) days before the date set for each Status Conference. The Joint Status Report shall conform to **Exhibit "A"** attached to these instructions. Use of the form attached as **Exhibit "A"** is mandatory. Failure to use the form in **Exhibit "A"** may result in the imposition of monetary sanctions and/or the status conference being continued and parties being ordered to redo the status report to conform to **Exhibit "A".**

2.      A copy of these instructions shall be attached to every copy of the complaint served upon a party, and the affidavit of service must state that these instructions as well as a copy of the summons and complaint and, if applicable, a copy of the Debtor Assistance Program Notice was served.

3.      If no response to the complaint is timely filed, (1) plaintiff should file a request for entry of default by the clerk and a default judgment hearing date will be set at the Status Conference (the party should be prepared to propose an appropriate date to Judge Zurzolo based on Judge Zurzolo's self-calendaring procedure) and (2) no later than ten (10) days prior to the Status Conference plaintiff must file a Unilateral Status Report (completing Sections A, B and C of **Exhibit "A"**) and a declaration setting forth the attempts made by plaintiff to contact or obtain the cooperation of the defendant as required by LBR7016-1(a).  For self calendaring dates, visit the Court's website at www.cacb.uscourts.gov :

  * Click "**Information**"
  * Under "**Judges**", click "**Zurzolo, V.**"
  * Click "**Forms/Instructions/Procedures/Self-Calendaring**"
  * Under **Self Calendaring**, click "**Hearing Calendar for 2006**"
  and/or "**Instructions and Key for Self-Calendar**"

4.      During the Status Conference, it will be decided whether a pre-trial order should be required or a pre-trial conference should be set.

5.      During the Status Conference, the Court shall set a trial or a pre-trial conference. The parties should be prepared to state whether they will agree to try the adversary proceeding by declaration in lieu of oral testimony.

6.      If one or more parties dispute whether the adversary proceeding is core within the meaning of 28 U.S.C. § 157(b), the party/parties disputing that the proceeding is core shall file and serve a memorandum of points and authorities and evidence in support of their positions fourteen (14) court days before the Status Conference. Any reply must be filed at least seven (7) court days before the Status Conference. The Court will resolve this dispute at the Status Conference. If any party fails to comply timely with these instructions, that failure shall be deemed a consent to a determination that the proceeding is core within the meaning of 28 U.S.C. § 157(b).

H:\common\vz\forms\instructions\PRESTATCONFERENCE

46

Case 2:10-ap-01272-VZ   Doc 5   Filed 05/06/10   Entered 05/06/10 16:28:40   Desc
                                Main Document          Page 52 of 65

Case 2:10-ap-01272-VZ   Doc 2-1   Filed 03/04/10   Entered 03/04/10 14:33:22   Desc
                        Pre Status Conference Instructions   Page 2 of 8

Revised 7/06

7.      If one or more parties dispute the jurisdiction of this Court, the party/parties disputing
jurisdiction shall file and serve a memorandum of points and authorities and evidence in support of their
positions at least fourteen (14) court days prior to the Status Conference. Any response shall be filed and
served no later than seven (7) court days prior to the Status Conference. The Court will resolve this
dispute at the Status Conference. If the objecting party does not timely file and serve its papers, that
failure shall be deemed a consent to whatever determination the Court makes.

8.      If one or more parties dispute whether a party has a right to a jury trial, the disputing
party/parties shall file and serve a memorandum of points and authorities and evidence in support of their
positions at least fourteen (14) court days prior to the Status Conference. Any response shall be filed and
served no later than seven (7) court days prior to the Status Conference. The Court will resolve this
dispute at the Status Conference. If the objecting party does not timely file and serve its papers, that
failure shall be deemed a consent to whatever determination the Court makes.

9.      Please take note that extensions of time to respond to a pleading are ineffective by stipulation of
the parties absent court approval. Requests to extend the response deadline to a date within five (5) days
of the hearing date will likely be denied unless the hearing date is continued to a date which permits the
Court adequate time to review and consider the pleadings.

10.     Please also take note that requests to continue a hearing will not be granted unless adequate
cause for the continuance is stated in the request. Merely discussing settlement is inadequate cause and
unless a settlement is reached prior to the hearing date, the parties must comply with all applicable filing
deadlines. If the parties have settled, a hearing may be continued to allow for execution and filing of the
written settlement if (1) the request for continuance contains a copy of the settlement or a substantial
recitation of its terms and (2) the request for a continuance is filed at least two (2) court days prior to the
hearing date. Generally, if a Respondent/Defendant is not represented by an attorney, an appearance by
the Respondent/Defendant will be required.

                              VINCENT P. ZURZOLO
                              United States Bankruptcy Judge

H:\common\vz\forms\instructions\PRESTATCONFERENCE

Revised 7/06

1

# EXHIBIT "A"

2

3

4

5

6

7
# UNITED STATES BANKRUPTCY COURT
8
# CENTRAL DISTRICT OF CALIFORNIA
9

10

**In re**

11

12

13

**Debtor(s).**

14

15

16

17
**Plaintiff(s),**

18
**v.**

19

20
**Defendant(s).**

| | |
|---|---|
| | **BK. No. LA** |
| | **Adv. No. LA** |
| | **Chapter** |
| | ☐ **JOINT STATUS REPORT** |
| | ☐ **UNILATERAL STATUS REPORT** |
| | **FOR ADVERSARY PROCEEDING** |
| | **LOCAL BANKRUPTCY RULE 7016-1(a)(2)** |
| | **DATE:** |
| | **TIME:** |
| | **PLACE:** |

21
TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE _____. In accordance

22
with Local Bankruptcy Rule ("LBR") 7016-1(a)(2), the party/parties submit the following ☐ JOINT STATUS REPORT

23
or ☐ UNILATERAL STATUS REPORT:

24
A.    **SERVICE/SUMMONS:**

25
1. Have all parties been served?                                    ☐ YES ☐ NO

26
2. Has Plaintiff filed a declaration of service stating that the Pre-Status Conference Instructions, summons,

Revised 7/06

1    complaint and, if applicable, Debtor Assistance Program Notice was served?                          □ YES □ NO

2                    If yes, go on. If no, why not? Please explain:

3    B.    **RESPONSIVE PLEADINGS:**

4        1. Did all defendants timely file a plain answer (i.e. no counterclaims) to the complaint?  □ YES □ NO

5            If yes, go to Section D. If no responsive pleading was filed proceed to Section C, otherwise continue.

6        2. If any defendant's answer includes counterclaims, are any parties other than Plaintiff included as defendants

7    to the claims?                                                                              □ YES □ NO

8        3. If counterclaims have been filed, have all counterdefendants responded to the counterclaims?

9                                                                                              □ YES □ NO

10            If no, what is the response deadline to the countercomplaint?

11        4. Did any defendant filed a 12(b) motion or other such responsive pleading?          □ YES □ NO

12            If yes, please identify the responsive pleading(s) filed and the date(s) of the hearing(s) on the

13    responsive pleading(s):

14    C.    **DEFAULT**

15        1. If any defendant has not responded timely, has plaintiff requested entry of default?    □ YES □ NO

16            If no, why not? Please explain:

17        2. If default has been requested, has it been entered?                                  □ YES □ NO

18            If no, why not? Please explain:

19        3. If default has been entered has plaintiff scheduled a motion for default judgment?    □ YES □ NO

20            If no, please explain why not and state a proposed date for a hearing on a motion for default judgment:

21    D.    **FEDERAL RULE OF CIVIL PROCEDURE ("FRCP") 26(A), (F) AND LBR 7016-1(A)(2)**

22        **COMPLIANCE:**

23        1. The parties certify that they met and discussed the nature and basis of the claims and defenses.

24            Plaintiff:                                                                          □ YES □ NO

25            Defendant:                                                                          □ YES □ NO

26    H:\common\vz\forms\instructions\PRESTATCONFERENCE

Revised 7/06

2. The parties certify that they have exchanged documents.

    Plaintiff:                                  ☐ YES ☐ NO

    Defendant:                                  ☐ YES ☐ NO

3. The parties certify that they have exehanged witness lists.

    Plaintiff:                                    ☐ YES ☐ NO

    Defendant:                                  ☐ YES ☐ NO

4. The parties eertify that they have exchanged other evidence as required by Rule 26(a)(1).

    Plaintiff:                                  ☐ YES ☐ NO

    Defendant:                                  ☐ YES ☐ NO

5. The parties certify that they have made the disclosures required by Rule 26(a)(1)(C) and (D) where applieable.

    Plaintiff:                                  ☐ YES ☐ NO

    Defendant:                                  ☐ YES ☐ NO

6. The parties certify that they have discussed settlement.

    Plaintiff:                                  ☐ YES ☐ NO

    Defendant:                                  ☐ YES ☐ NO

7. The parties eertify that they have proposed a joint diseovery plan.

    Plaintiff:                                  ☐ YES ☐ NO

    Defendant:                                  ☐ YES ☐ NO

8. If any party answered no to any of the prior six (6) questions, please explain the reason(s):

E.     **DISCOVERY (FRCP 26(f)):**

**A Discovery Plan should be prepared and attached to this status report if it cannot be described below.**

1. Do the parties believe that changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?

    Plaintiff:                                  ☐ YES ☐ NO

H:\common\vz\forms\instructions\PRESTATCONFEƏENCE

5̄0

Revised 7/06

1   Defendant:                                                    □ YES  □ NO

2   If any party answered yes, please explain the reason(s):

3   2. List the form(s) of discovery each party will propound.

4   Plaintiff:

5   Defendant:

6   3. Do the parties anticipate any unusual discovery issues?

7   Plaintiff:                                                    □ YES  □ NO

8   Defendant:                                                    □ YES  □ NO

9   If any party answered yes, please identify the issues and explain the reason(s) for them:

10  4. Date by which each party expects to complete their discovery efforts:    .

11  Plaintiff:

12  Defendant:

13  F.   **SETTLEMENT:**

14  1. Do all parties request a judge to aid in settlement? If either party indicates "no", go to question 3.

15  Plaintiff                                                     □ YES  □ NO

16  Defendant                                                     □ YES  □ NO

17  2. Do all parties request the trial judge to aid in settlement?   If yes and if applicable, please name the judge(s)

18  of this Court that the parties would like to participate in settlement efforts:

19  **PLAINTIFF**   □ YES  □ NO          **DEFENDANT**   □ YES  □ NO

20  (1)                                  (1)
    (2)                                  (2)
21  (3)                                  (3)

22  3. Do all parties seek any other type of mediation, arbitration, etc.? If both indicate yes, list the types.

23  **PLAINTIFF**   □ YES  □ NO          **DEFENDANT**   □ YES  □ NO

24  (1)                                  (1)
    (2)                                  (2)
25

26
    H:\common\vz\forms\instructions\PRESTATCONFERENCE

Revised 7/06

1    **G.**   **PRE-TRIAL:**

2    In most adversary proceedings, it is necessary to prepare a joint pre-trial stipulation and appear at a pre-trial

3    conference.

4    1. Date after which the pre-trial conference should be set:

5    Plaintiff:

6    Defendant:

7    2. Do you believe you can go directly to trial without a pre-trial stipulation and/or conference?

8    Plaintiff:               ☐ YES ☐ NO

9    Defendant:            ☐ YES ☐ NO

10    If either party answered yes, please state why:

11    **H.**   **OTHER PROPOSED DEADLINES:**

12    1. Proposed date by which all motions except motions to exclude evidence or approve a settlement must be

13    filed, set and heard:

14    Plaintiff:

15    Defendant:

16    2. Proposed deadline for amendment of pleadings and/or joinder of parties (any order permitting amendment or

17    joinder must be entered by this date):

18    Plaintiff:

19    Defendant:

20    3. Are there any other deadlines which the parties wish the Court to set:

21    Plaintiff:               ☐ YES ☐ NO

22    Defendant:            ☐ YES ☐ NO

23    If either party states yes, please identify the proposed subject and timing of the deadline:

24

25

26    H:\common\vz\forms\instructions\PRESTATCONFERENCE

Revised 7/06

I.    **MISCELLANEOUS**

    1. Do you dispute the jurisdiction of this Court?

        Plaintiff:                                      □ YES □ NO

        Defendant:                                   □ YES □ NO

    2. Do you dispute any party's allegation regarding the core/non-core nature of the adversary proceeding?

        Plaintiff:                                         □ YES □ NO

        Defendant:                                   □ YES □ NO

    3. Do you dispute the asserted claim of any party to the right to a jury trial?

        Plaintiff:                                         □ YES □ NO

        Defendant:                                   □ YES □ NO

    4. If a party answered yes to any of the above three (3) questions, has the party answering yes prepared a memorandum of points and authorities and supporting evidence detailing their position, which memorandum is to be filed fourteen (14) days prior to the Status Conference?        □ YES □ NO

    5. Are there any other unusual issues of which the Court should be aware?        □ YES □ NO

        If yes, please explain:

Respectfully submitted,

DATED:                          FIRM NAME: _____

                                 NAME: _____

                                 ATTORNEY FOR: _____

DATED:                          FIRM NAME: _____

                                 NAME: _____

                                 ATTORNEY FOR: _____

H:\common\vz\forms\instructions\PRESTATCONFERENCE

54

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 0.78 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.58 |

Sent To
SLS c/o CAPITOL CORP SERVICES
Street, Apt. No.; or PO Box No. 455 CAPITOL MALL, STE 217
City, State, ZIP+4 SACRAMENTO CA 95814

PS Form 3800, August 2006          See Reverse for Instructions

7009 2250 0002 1076 2856

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ 0.78 |
| Certified Fee | 2.80 |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 3.58 |

Sent To
WACHOVIA BANK c/o SLS ATTN CEO
Street, Apt. No.; or PO Box No. 874 LUCENT BLVD STE 300
City, State, ZIP+4 HIGHLANDS RANCH CO 80129

PS Form 3800, August 2006          See Reverse for Instructions

7009 2250 0002 1076 2849

# EXHIBIT 6

EXHIBIT 6

**NoFeeRequired**

# U.S. Bankruptcy Court
## Central District Of California (Los Angeles)
## Adversary Proceeding #: 2:10-ap-01272-VZ

*Assigned to:* Vincent P. Zurzolo                    *Date Filed:* 03/04/10
*Lead BK Case:* 09-46472
*Lead BK Title:* Norma Isabel Flores
*Lead BK Chapter:* 13

*Demand:*

*Nature[s] of Suit:* 21 Validity, priority or extent of lien or other interest in property
                     91 Declaratory judgment

### Plaintiff

**Norma Isabel Flores**                         represented by **Tyson Takeuchi**
1662 North Marine Avenue                         Law Offices of Tyson Takeuchi
Wilmington, CA 90744                             1100 Wilshire Blvd Ste 2606
SSN / ITIN: xxx-xx-8692                          Los Angeles, CA 90017
                                                 213-637-1566
                                                 Fax : 213-402-5422
                                                 Email: tysonlawfirm@yahoo.com
                                                 *LEAD ATTORNEY*

V.

### Defendant

**Wachovia Bank, National Association**         represented by **Wachovia Bank, National Association**
c/o Specialized Loan Servicing                                  PRO SE
8742 Lucent Blvd., Suite 300
Highlands Ranch, CO 80129

### Trustee

**Nancy K Curry**
606 South Olive Street, Suite 950
Los Angeles, CA 90014
213-689-3014

$5\sqrt{}$

**U.S. Trustee**

**United States Trustee (LA)**
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017

| Filing Date | # | Docket Text |
|---|---|---|
| 03/04/2010 | 1 | Adversary case 2:10-ap-01272. Complaint by Norma Isabel Flores against Wachovia Bank, National Association. (Fee Not Required). Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)) (Takeuchi, Tyson) (Entered: 03/04/2010) |
| 03/04/2010 | 2 | Summons Issued on Wachovia Bank, National Association Date Issued 3/4/2010, Answer Due 4/5/2010 (Attachments: # 1 Pre Status Conference Instructions) (Kaaumoana, William) (Entered: 03/04/2010) |
| 03/04/2010 | | Hearing Set (RE: related document(s) 1 Complaint filed by Plaintiff Norma Isabel Flores) Status status to be held on 5/6/2010 at 10:00 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Kaaumoana, William) (Entered: 03/04/2010) |
| 03/26/2010 | 3 | Summons Service Executed on Wachovia Bank, National Association 3/8/2010 (Takeuchi, Tyson) (Entered: 03/26/2010) |
| 04/20/2010 | 4 | Status report *Unilateral* Filed by Plaintiff Norma Isabel Flores (RE: related document(s) 1 Complaint). (Takeuchi, Tyson) (Entered: 04/20/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/06/2010 10:55:28 | | | |
| **PACER Login:** | cs0267 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:10-ap-01272-VZ Fil or Ent: filed From: 2/5/2008 To: 5/6/2010 Doc From: 0 Doc To: 99999999 Term: included Format: |

56

|  |  |  | html |
|---|---|---|---|
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

57

Motion for Default Judgment under Local Bankruptcy Rule 7055-1 - *Page 3*                **F 7055-1.2**

| In re | CHAPTER: 13 |
|---|---|
| NORMA ISABEL FLORES, | |
| Debtor(s). | CASE NO.: 2:09-bk-46472-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1100 Wilshire Blvd., Suite 2606
Los Angeles, CA 90017

A true and correct copy of the foregoing document described as <u>Motion for Default Judgment Under Local Bankruptcy</u> <u>Rule 7055-1</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _5/6/10_____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 5/6/10 | Albert Pfaffman | |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 7055-1.2**

Motion for Default Judgment under Local Bankruptcy Rule 7055-1 - *Page 4*          **F 7055-1.2**

| In re                  | CHAPTER: 13 |
|------------------------|-------------|
| NORMA ISABEL FLORES,   |             |
| Debtor(s). | CASE NO.: 2:09-bk-46472-VZ |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Nancy K. Curry
Chapter 13 Trustee
606 South Olive Street, Suite 950
Los Angeles, CA 90014

United States Trustee
725 South Figueroa Street, 26th Floor
Los Angeles, CA 90017

Wachovia Bank, National Association
c/o Specialized Loan Servicing, LLC
Attn: John Beggins, CEO
8742 Lucent Boulevard, Suite 300
Highlands Ranch, CO 80129

Specialized Loan Servicing, LLC
Agent for Service of Process:
Capital Corporate Services, Inc.
455 Capitol Mall, Suite 217
Sacramento, CA 95814

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                      **F 7055-1.2**